
**FILED**
**DEC 16 2009**

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| IN RE: ACCESS CHARGE CASES CONSOLIDATED FOR DISCOVERY MATTERS, | \* \* \* \* \* \* \* \* \* \* \* \* \* \* | CIV. 08-1003-KES<br>CIV. 07-1016-KES/07-4106-KES<br>CIV. 07-4107-KES<br>CIV. 08-4172-KES<br>CIV. 08-4211-KES<br>CIV. 09-1003-CBK<br>CIV. 09-1004-CBK<br>CIV. 09-4075-KES<br><br>**ORDER ON MOTIONS**<br>**FOR PROTECTIVE ORDER** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending is a dispute about a single issue relating to the Protective Order. The parties have jointly moved for the entry of a Protective Order. Good cause has been established for entering a Protective Order. Despite the pronounced disagreement between local exchange carriers[1] on one side and the long distance providers on the other side about the merits of the litigation, the lawyers have agreed upon the largest part of the matters about which they were directed to confer and to jointly submit to the court. They agreed upon all of components of the discovery Scheduling Order and all of the components of the Protective Order save one.

The thrust and language of Paragraph 22 of the Protective Order are disputed. The local exchange carriers urge the Protective Order should restrict the parties to using protected discovery only in this lawsuit. The long distance providers urge the Protective Order should allow use of the protected discovery before regulatory bodies, i.e. state regulatory bodies such as the South Dakota Public Utilities Commission or the FCC.

---

[1] "Local exchange carriers" as used here includes the conference call providers.

By definition documents covered by the Protective Order are confidential, i.e. under Rule 26(c)(1)(G) the documents must be a trade secret or other confidential research, development or commercial information not to be revealed or to be revealed only in a specified way. To that end, restricting use of the documents to this litigation only best serves the purpose. The long distance carriers persuasively argue the protected documents should also be available to regulatory agencies to discourage manufactured evidence, as occurred in an Iowa case before the Federal Communications Commission and before the Iowa Utilities Board. *See, In re: Qwest Communications Corp. v. Farmers & Merchants Mutual Telephone Co.*, 22 F.C.C.R. 17973, 2007 WL 2872754 (F.C.C. 2007); *In re: Qwest Communications Corp. v. Superior Telephone Cooperative*, 2009 WL 3052208 (Iowa U.B. Sept. 21, 2009). The public reprimand by the Iowa Board of Utilities about the manufactured evidence and the decision by the FCC to reconsider as a result of the manufactured evidence are sufficient deterrent. The adage about not crossing a bridge until it is reached is appropriate. If one party to the Protective Order wishes to use protected documents which were produced by another party for a purpose other than this lawsuit, then that party can move the South Dakota District Court for relief from the Protective Order for the purpose at hand. In that event all of the parties can be heard before a decision is made at a time when a real life situation is confronted. The broader language proposed by the long distance carriers invites a present decision about a future hypothetical.

Accordingly, it is

ORDERED that:

1. The language for use in Paragraph 22 proposed by the local exchange carriers is adopted and that the language proposed by the long distance carriers is rejected.

Documents produced subject to the Protective Order shall be used for the pending South Dakota lawsuits only. The Protective Order jointly proposed by the parties which includes Paragraph 22 as proposed by the local exchange carriers is being filed contemporaneously.

2. The motions for protective order are ruled on as follows:

    a. **CIV. 08-1003**: The Joint Motion for Protective Order (Doc. 84) is GRANTED.

    b. **CIV. 07-1016/07-4106**: The Joint Motion for Protective Order (Doc. 165) is GRANTED and the Motion for Entry of IXC's Proposed Protective Order (Doc. 167) is DENIED.

    c. **CIV. 07-4107**: The Joint Motion for Protective Order (Doc. 89) is GRANTED.

    d. **CIV. 08-4172**: The Joint Motion for Protective Order (Doc. 45) is GRANTED and the Motion for Entry of IXC's Proposed Protective Order (Doc. 47) is DENIED.

    e. **CIV. 08-4211**: The Joint Motion for Protective Order (Doc. 68) is GRANTED.

    f. **CIV. 09-4075**: The Joint Motion for Protective Order (Doc. 26) is GRANTED.

    g. **CIV. 09-1003**: The Joint Motion for Protective Order (Doc. 67) is GRANTED.

    h. **CIV. 09-1004**: The Joint Motion for Protective Order (Doc. 80) is GRANTED and the Motion for Entry of IXC's Proposed Protective Order (Doc. 83) is DENIED.

Dated this 16 day of December, 2009.

BY THE COURT:

John E. Simko
United States Magistrate Judge